JUDGE KARAS MAG. JUDGE KRAUSE 26 CV 06517

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

| | |
|---|---|
| ABRAHAM KLEINMAN, | Civil Action No. ______-cv-__________ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| - against - | 28 U.S.C. §§ 1332, 1441, and 1446 |
| JACOB FRANKEL a/k/a JACOB FRANKL, and SHEINDL KLEIN a/k/a SHEINDL FRANKEL a/k/a SHEINDL FRANKL, | Removed from the Supreme Court of the State of New York, County of Rockland Index No. 030127/2026 |
| Defendants. | Related Case: Kleinman v. Frankel, No. 1:26-cv-04899 (S.D.N.Y.) (S.D.N.Y. Div. of Bus. R. 4(b), 13) |
| | **JURY TRIAL DEMANDED** |

--------------------------------------X

RECEIVED SDNY DOCKET UNIT 2026 JUL 30 PM 2:20

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that Defendants JACOB FRANKEL a/k/a JACOB FRANKL ("Mr. Frankel") and SHEINDL KLEIN a/k/a SHEINDL FRANKEL a/k/a SHEINDL FRANKL ("Ms. Klein," and together with Mr. Frankel, "Defendants"), each appearing pro se, hereby remove to this Court the civil action entitled *Abraham Kleinman v. Jacob Frankel a/k/a Jacob Frankl, and Sheindl Klein a/k/a Sheindl Frankel a/k/a Sheindl Frankl*, Index No. 030127/2026, now pending in the Supreme Court of the State of New York, County of Rockland (the "State Action"), pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, on the basis of complete diversity of citizenship between Plaintiff and all Defendants. In support of this Notice of Removal, Defendants respectfully state as follows:

## PRELIMINARY STATEMENT

Every jurisdictional fact supporting this removal is established by Plaintiff's own sworn pleadings.

Plaintiff commenced the State Action on a claim arising from an alleged oral rental agreement. His Verified Complaint pleads the residence of each Defendant, down to the apartment

number, and rests both jurisdiction and venue upon it. It pleads nothing at all about where Plaintiff resides. The only address of Plaintiff anywhere in the papers he served appears in his signature block, and that address, upon information and belief, is a multi-tenant commercial office building, given without a suite number, at which Plaintiff does not reside and has never resided. On the face of the papers Plaintiff served, this appeared to be a suit between New York citizens, and therefore not removable.

On June 8, 2026, Plaintiff filed a second action in this District arising out of the same controversy, *Kleinman v. Frankel, et al.*, No. 1:26-cv-04899 (S.D.N.Y.) (the "Federal Action"). There he swears that he "is a citizen of the State of Florida, domiciled in Florida with the intention to remain there indefinitely"; that Defendants are citizens of New York; that "complete diversity of citizenship exists"; and that the matter in controversy "exceeds the sum or value of $75,000.00 by more than four hundred fold." Plaintiff signed and verified that pleading at Miami Beach, Florida, above a Florida residence address.

Defendants first received Plaintiff's federal pleading on June 28, 2026. That was the first paper, of any kind, from which Defendants could ascertain that the State Action is removable.

This Notice is filed within thirty days of that receipt, within one year of commencement of the State Action, and with the joinder of both Defendants. Removal is therefore proper and timely under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(3).

## I. THE STATE COURT ACTION

1. On or about January 7, 2026, Plaintiff Abraham Kleinman ("Plaintiff"), proceeding pro se, commenced the State Action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Rockland (NYSCEF Doc. No. 1). A true and correct copy is annexed as Exhibit A.

2. The Verified Complaint pleads a single controversy: an alleged breach of an oral rental agreement concerning the basement of premises located at 5 Bartlett Road, Monsey, New

York 10952, for the months of July and August 2025, at an alleged total rent of $18,000.00, of which $6,500.00 was concededly paid.

3. The Complaint demands a money judgment "in an amount in excess of Eleven Thousand Five Hundred Dollars ($11,500.00)," together with pre-judgment and post-judgment interest, costs and disbursements, "and such other and further relief as this Court deems just and proper." (Ex. A, Demand for Relief.)

4. On February 3, 2026, Defendants filed their Verified Answer with Affirmative Defenses (NYSCEF Doc. No. 3), annexed as Exhibit B, without waiving and expressly preserving their objections to service of process and to personal jurisdiction. On March 31, 2026, Defendants filed an Amended Verified Answer with Affirmative Defenses and Counterclaims (NYSCEF Doc. No. 31), annexed as Exhibit C, preserving the same objections.

5. On April 5, 2026, Defendants' state-court counsel filed a letter to the court (NYSCEF Doc. No. 34), annexed as Exhibit D, together with a recorded deed to the subject premises (NYSCEF Doc. No. 35), annexed as Exhibit E. Those papers show that record title to the premises was held by Bartlett Tower LLC, not by Plaintiff, during the rental period alleged in the Complaint.

6. On May 28, 2026, the state court signed an Order to Show Cause (NYSCEF Doc. No. 120), annexed as Exhibit F, bringing on Defendants' motion to dismiss the Complaint for spoliation of evidence, for a protective order, and for sanctions, and staying all discovery deadlines pending determination of the motion. That motion remains sub judice.

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon or received by Defendants in the State Action that are in Defendants' possession are annexed as Exhibits A through F. Defendants will promptly furnish any additional portion of the state-court record that the Court may require.

## II. PLAINTIFF'S CONCEALMENT OF HIS FLORIDA CITIZENSHIP

### *A. The address Plaintiff gave the state court is a commercial office building, not a home.*

8. In the State Action, Plaintiff identified himself by one address and one address only: "400 Rella Blvd, Montebello NY 10901." That address appears in the Summons, in the Verified Complaint, and in Plaintiff's signature block. (Ex. A.) Plaintiff gave no other address of any kind.

9. 400 Rella Boulevard is a commercial office building. It is publicly marketed as office and coworking space. Annexed as Exhibit I is a printout of the commercial listing for the property, LoopNet Listing ID 4429499, printed July 26, 2026. The listing is captioned "Coworking Space Available in Montebello, NY 10901." It describes the "Space Use" as "Office." It identifies the available space as "1st Floor, Ste 165," accommodating one to forty people across 100 to 5,000 square feet. Its listed features and amenities are those of a commercial building: an atrium, food service, a restaurant, and a property manager on site. (Ex. I.)

10. The building houses a Regus business center. The listing invites a prospective customer to "Claim a virtual address" at the location "with mail handling services and a virtual assistant to answer calls." (Ex. I.) A virtual address of that description is a business mailing address with mail handling and no physical occupancy of any kind.

11. Upon information and belief, 400 Rella Boulevard contains no residential units, no apartments, and no dwellings. No person resides there. Plaintiff has never resided at 400 Rella Boulevard, and Plaintiff does not reside there now.

12. Space within the building is leased and identified by suite number, as the listing itself reflects. (Ex. I.) Plaintiff gave the bare street address of the building. He gave no suite number, no office number, no unit number, and no floor. An address in that form does not identify any particular space within the building, and it does not identify a dwelling, because there is none to identify.

***B. Plaintiff pleaded Defendants' residence with precision and his own not at all.***

13. The Verified Complaint pleads the residence of each Defendant specifically, repeatedly, and down to the apartment number. "Jacob Frankel is an adult individual who, upon information and belief resides at 4 Horizon Court, Apartment 304, Monsey, New York 10952." (Ex. A, Compl. ¶ 2.) The same allegation is made as to Ms. Klein. (Id. ¶ 3.) It is repeated a third time: "Upon information and belief, defendant Jacob Frankel and Sheindl Frankel are both residents of Monsey, New York." (Id. ¶ 5.)

14. The Verified Complaint rests both jurisdiction and venue upon Defendants' residence, and upon nothing else. "This Court has jurisdiction over this matter, and over defendants pursuant to CPLR § 301 because both defendants reside in Monsey New York." (Id. ¶ 6.) "Venue is appropriate in this court pursuant to CPLR § 503 because both defendants reside in Monsey, New York." (Id. ¶ 7.)

15. As to himself, Plaintiff pleads this and only this: "Abraham Kleinman is an adult individual over the age of eighteen and is an owner and/or person lawfully in possession and control of the premises located at 5 Bartlett Road, Monsey, New York 10952." (Id. ¶ 1.) That allegation states Plaintiff's age and asserts, in the alternative and upon a hedge, an interest in the premises. It says nothing whatever of where Plaintiff resides, where he is domiciled, or of what State he is a citizen.

16. The asymmetry is complete. Plaintiff pleaded the residence of his adversaries three times, to the apartment number. He pleaded his own residence nowhere at all. No paragraph of the Verified Complaint, and no line of the Summons, states where Plaintiff lives.

17. Plaintiff therefore established, within the four corners of the same document, that he understood how to plead residence and understood its legal significance. He pleaded it as to Defendants and expressly tied both jurisdiction and venue to it. He declined to plead it as to himself.

18. The only address of Plaintiff appearing anywhere in the papers Plaintiff served is the one in his signature block, and that address is the commercial office building described above,

given without a suite, office, unit, or floor. Plaintiff commenced and has prosecuted the State Action pro se. He drafted, verified, and filed the Summons and Verified Complaint himself. What that pleading said, and what it omitted, was his choice and his choice alone.

***C. Four months later, Plaintiff swore under oath to a different home.***

19. On June 8, 2026, Plaintiff filed the Federal Action in this District, arising out of the very same rental controversy. A true and correct copy of the Verified Complaint and summons in the Federal Action is annexed as Exhibit G. That pleading expressly incorporates the State Action, describes it at length, and re-pleads the identical $11,500.00 rent claim as one of its counts.

20. In the Federal Action, Plaintiff swears, under penalty of perjury, that "Plaintiff is a citizen of the State of Florida, domiciled in Florida with the intention to remain there indefinitely." (Ex. G, Fed. Compl. ¶ 17(a).) He signed and verified that pleading at "Miami Beach, Florida," above the address 3901 Indian Creek, Miami Beach, FL 33140 (Ex. G, Fed. Compl. at 53), and directed in his federal summons that responsive papers be served upon him at that Florida address (Ex. G, Summons).

21. Plaintiff further swears that Defendants "are each citizens of the State of New York, domiciled in Rockland County, New York," and that "complete diversity of citizenship exists between Plaintiff and all Defendants." (Ex. G, Fed. Compl. ¶ 17(b)–(c).)

22. The difference between the two pleadings is not one of degree. In January, Plaintiff gave a commercial office building with no unit number. In June, he gave a residential address in Florida, swore to Florida domicile, and verified the pleading in Florida. Plaintiff is a sophisticated litigant who drafted and verified a federal complaint exceeding fifty pages, complete with a pleaded jurisdictional section. He knew where he lived.

***D. The effect was to conceal removability.***

23. On June 28, 2026, Defendants first received a copy of the complaint in the Federal Action. Defendants thereby first learned, from Plaintiff's own sworn allegations, that Plaintiff is a

citizen of Florida and not of New York, and that the Rockland County address under which he has prosecuted the State Action is not his residence.

24. Prior to June 28, 2026, Defendants had received no pleading, motion, order, or other paper from which Plaintiff's Florida citizenship, and hence the removability of the State Action, could be intelligently ascertained.

25. The natural and foreseeable consequence of Plaintiff's choice of address was to convey that he was a New York resident, and so to present the State Action as a dispute between citizens of a single State. Whether or not that consequence was intended, Plaintiff should not be permitted to derive an advantage from it.

## III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS UNDER 28 U.S.C. § 1332(a)(1)

### *A. The governing standard.*

26. An individual's citizenship for diversity purposes is determined by his domicile, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted); *see also Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

### *B. Plaintiff is a citizen of Florida.*

27. By his own sworn and verified allegation, filed in this very District, Plaintiff "is a citizen of the State of Florida, domiciled in Florida with the intention to remain there indefinitely." (Ex. G, Fed. Compl. ¶ 17(a).) That is the precise legal standard for domicile, residence plus the intention to remain, sworn to by the party whose citizenship is at issue.

28. "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (internal quotation marks omitted).

29. Upon information and belief, Plaintiff was domiciled in Florida at all relevant times, including at the commencement of the State Action in January 2026, when he nonetheless gave the state court a New York commercial address at which he does not reside.

***C. Defendants are citizens of New York.***

30. Defendant Jacob Frankel is a citizen of the State of New York, domiciled at 4 Horizon Court, Apartment 304, Monsey, Rockland County, New York 10952, where he resides with the intention to remain. Defendant Sheindl Klein is likewise a citizen of the State of New York, domiciled at the same address. Plaintiff himself so alleges, in both of his complaints. (Ex. A, Compl. ¶¶ 2–3, 5; Ex. G, Fed. Compl. ¶ 17(b).)

***D. Diversity is complete.***

31. Complete diversity accordingly exists between Plaintiff, a citizen of Florida, and both Defendants, citizens of New York, as Plaintiff has himself sworn: "complete diversity of citizenship exists between Plaintiff and all Defendants." (Ex. G, Fed. Compl. ¶ 17(c).) Plaintiff has affirmatively invoked 28 U.S.C. § 1332(a)(1) in this District, pleading diversity jurisdiction over this very controversy. (Ex. G, Fed. Compl. ¶¶ 17–18.)

32. Complete diversity existed both at the time the State Action was commenced and at the time of the filing of this Notice of Removal.

## IV. STATEMENT PURSUANT TO LOCAL CIVIL RULE 81.1 AND AS TO SERVICE OF PROCESS

33. Each party named in the caption is a natural person. No party is a corporation, partnership, limited liability company, or other unincorporated association, and no claim asserted is an assigned claim. The information required by Local Civil Rule 81.1 is as follows:

| Party | Residence and Domicile | Citizenship (28 U.S.C. § 1332) | Date Served in the State Action |
|---|---|---|---|
| Abraham Kleinman (individual) Plaintiff | 3901 Indian Creek, Miami Beach, Florida 33140; domiciled in Florida with the intention to remain indefinitely (Ex. G, Fed. Compl. ¶ 17(a)) | Florida | Not applicable (Plaintiff) |
| Jacob Frankel a/k/a Jacob Frankl (individual) Defendant | 4 Horizon Court, Apartment 304, Monsey, Rockland County, New York 10952; domiciled in New York with the intention to remain | New York | Service contested; Defendants deny proper service. Appeared Feb. 3, 2026 with objection preserved. |
| Sheindl Klein a/k/a Sheindl Frankel a/k/a Sheindl Frankl (individual) Defendant | 4 Horizon Court, Apartment 304, Monsey, Rockland County, New York 10952; domiciled in New York with the intention to remain | New York | Service contested; Defendants deny proper service. Appeared Feb. 3, 2026 with objection preserved. |

34. Defendants do not rely on post-removal jurisdictional discovery to establish diversity. The citizenship of every party is established by Plaintiff's own sworn pleading in the Federal Action.

***Service of process in the State Action.***

35. Defendants deny that they were properly served with process in the State Action. Defendants contest the sufficiency of process, the sufficiency of service of process, and the accuracy of any proof of service filed in the State Action.

36. Defendants were never served with process in the State Action. Defendants learned of the State Action otherwise than through service of the Summons and Verified Complaint.

37. Defendants raised that objection at the first opportunity and have maintained it. Their Verified Answer, filed February 3, 2026, declined to admit the allegation that the state court had jurisdiction over them and asserted, as an affirmative defense, that Plaintiff lacks personal jurisdiction over Defendants. (Ex. B.) Their Amended Verified Answer, filed March 31, 2026, preserved the same objection. (Ex. C.) Should the sufficiency of service be placed in issue, Defendants demand a hearing on that issue.

***Service of process in the Federal Action.***

38. Defendants have not been properly served with process in the Federal Action either. Defendants received a copy of Plaintiff's verified complaint in the Federal Action on June 28, 2026 otherwise than through proper service of process. That does not affect the timeliness of this Notice, because 28 U.S.C. § 1446(b)(3) measures the removal period from receipt of the other paper "through service or otherwise."

39. Nothing in this Notice of Removal is a waiver of any objection to the sufficiency of process, the sufficiency of service of process, or personal jurisdiction, in either action. Defendants expressly reserve all defenses available under Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), and will assert them in their first responsive filing in this Court. Congress has expressly contemplated removal in this posture: 28 U.S.C. § 1448 provides for the completion or reissuance of process in cases removed "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective."

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

40. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see* 28 U.S.C. § 1446(c)(2)(B). The amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

41. The Complaint in the State Action does not demand a specific, capped sum. It demands judgment "in an amount in excess of Eleven Thousand Five Hundred Dollars ($11,500.00)," plus interest, costs, "and such other and further relief as this Court deems just and proper." (Ex. A, Demand for Relief.)

42. Under New York practice, a plaintiff is not limited to the sum stated in his demand. CPLR 3017(a) entitles a plaintiff to "any type of relief within its jurisdiction appropriate to the

proof whether or not demanded." Because New York practice permits recovery in excess of the amount demanded, Defendants may assert the amount in controversy in this Notice of Removal. 28 U.S.C. § 1446(c)(2)(A)(ii).

43. Defendants assert, and Plaintiff himself has sworn, that the amount in controversy between these parties exceeds $75,000, exclusive of interest and costs. In the Federal Action, which Plaintiff pleads arises out of the same rental controversy that is the subject of the State Action, and in which he re-pleads the identical $11,500.00 rent claim, Plaintiff swears that "the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00 by more than four hundred fold." (Ex. G, Fed. Compl. ¶ 17(d).)

44. Plaintiff there demands an aggregate amount "in excess of $30,000,000.00" arising from the same underlying dispute, including consequential damages flowing from the rental controversy, defamation damages of not less than $3,500,000.00, punitive damages in excess of $10,000,000.00, and treble damages. (Ex. G, Fed. Compl., Prayer for Relief.)

45. Plaintiff is judicially estopped from disavowing his own sworn valuation. A party may not assume a position in one legal proceeding, secure the benefit of that position, and then assume a "clearly inconsistent" position in another. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001).

46. Having sworn to this Court that the value of the controversy between these parties exceeds $75,000 more than four hundred times over, in order to invoke this Court's diversity jurisdiction for his own benefit, Plaintiff cannot be heard to contend that the same controversy, when pleaded in state court, is worth $75,000 or less.

47. Defendants' counterclaims in the State Action (Ex. C), which arise from the same transaction and occurrence, further confirm that the real value of the parties' controversy exceeds the jurisdictional threshold.

## VI. THIS NOTICE OF REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)(3)

48. Where, as here, "the case stated by the initial pleading is not removable," a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

49. In the Second Circuit, the removal clock does not begin to run until the defendant receives a paper that "enables the defendant to intelligently ascertain removability." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (internal quotation marks omitted); *cf. Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) (clock runs only from the paper that "explicitly specifies" the jurisdictional amount).

50. The initial pleading in the State Action did not enable Defendants to ascertain removability. To the contrary, it affirmatively obscured it. The Summons and Complaint identified Plaintiff only by a New York commercial address, designated Rockland County as the venue, and disclosed nothing of Plaintiff's Florida domicile.

51. No paper served on Defendants before June 28, 2026 disclosed Plaintiff's Florida citizenship.

52. Defendants first ascertained that the State Action is removable on June 28, 2026, when they received Plaintiff's verified complaint in the Federal Action, containing his explicit sworn admission of Florida citizenship and his Florida residence address. That verified pleading, sworn to by Plaintiff himself, concerning the same controversy, between the same parties, is an "other paper from which it may first be ascertained" that the case is removable within the meaning of 28 U.S.C. § 1446(b)(3).

53. This Notice of Removal is filed on July 26, 2026, within thirty days of June 28, 2026, and is therefore timely under 28 U.S.C. § 1446(b)(3). It is also filed within one year of the commencement of the State Action on January 7, 2026, so the limitation of 28 U.S.C. § 1446(c)(1) presents no bar.

54. In the alternative, and to the extent Plaintiff contends that any removal period expired earlier, any such delay is solely the product of Plaintiff's own concealment. Plaintiff prosecuted the State Action under a New York commercial address at which he does not reside, thereby preventing Defendants from ascertaining the existence of diversity jurisdiction. A plaintiff who conceals the actual facts bearing on removability may not profit from that concealment. Cf. 28 U.S.C. § 1446(c)(1), (c)(3)(B).

55. Nor have Defendants waived removal. A right to remove that had not yet arisen could not have been relinquished. Defendants' participation in the State Action occurred entirely before June 28, 2026, at a time when the face of the record showed an action between New York citizens.

## VII. VENUE, COURTHOUSE DESIGNATION, AND RELATED CASES

56. Removal to this District and Court is proper because the Supreme Court of the State of New York, County of Rockland, sits within the Southern District of New York. 28 U.S.C. §§ 112(b), 1441(a).

57. Assignment of this action is governed in the first instance by Rule 4(b) of this Court's Rules for the Division of Business Among District Judges. That Rule provides that where an action, "or one essentially the same," is removed to this Court, "it shall be assigned to the same judge." Rule 20(a), which otherwise directs removed actions from the Northern Counties to the White Plains Courthouse, applies by its terms only to cases "[o]ther than cases subject to Rule 4(b)."

58. Defendants disclose that the Federal Action, *Kleinman v. Frankel, et al.*, No. 1:26-cv-04899 (S.D.N.Y.), is pending in this District, arises from the same underlying controversy, and involves the same parties. A Related Case Statement is filed and served together with this Notice. S.D.N.Y. Div. of Bus. R. 13(b)(1); Local Civil Rule 1.6.

59. This removed action and the Federal Action are essentially the same case. They involve the same three parties, arise from the same alleged oral rental agreement concerning the

same premises, and the Federal Action re-pleads the identical $11,500.00 rent claim. Defendants therefore respectfully submit that this action is subject to Rule 4(b) and should be assigned to the district judge presiding over the Federal Action. S.D.N.Y. Div. of Bus. R. 4(b), 13(b)(2), 20(a).

60. If the Court concludes that Rule 4(b) does not govern, this action is designated for the White Plains Courthouse under Rule 20(a)(2), and Defendants respectfully request reassignment to the judge presiding over the Federal Action pursuant to Rules 19 and 20(b). Defendants have noted both the related case and the requested assignment on the accompanying Civil Cover Sheet.

61. Pursuant to 28 U.S.C. § 1450, all orders and proceedings had in the State Action before removal, including the discovery stay entered on May 28, 2026, remain in full force and effect until dissolved or modified by this Court.

## VIII. ALL REMAINING REQUIREMENTS FOR REMOVAL ARE SATISFIED

62. Both Defendants, the only defendants named and served in the State Action, join in and consent to this removal, as evidenced by their signatures below. 28 U.S.C. § 1446(b)(2)(A).

63. Copies of all process, pleadings, and orders served upon or received by Defendants in the State Action are annexed as Exhibits A through F. 28 U.S.C. § 1446(a).

64. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants will serve written notice of the filing upon Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Rockland, whereupon the State Action shall proceed no further in that court unless and until the case is remanded.

65. Defendants file herewith the disclosure statement required by Fed. R. Civ. P. 7.1(a)(2), as a document separate from this Notice. See Local Civil Rule 7.1.1.

66. Defendants file herewith a completed Civil Cover Sheet and a Related Case Statement, and have tendered the statutory filing fee. S.D.N.Y. Div. of Bus. R. 4(a), 13(b)(1).

67. This Notice of Removal is signed by each Defendant pursuant to Fed. R. Civ. P. 11(a) and 28 U.S.C. § 1446(a).

## IX. PRESERVATION OF EVIDENCE AND OF THE PENDING MOTION

68. Defendants have preserved, and will continue to preserve, all documents, electronically stored information, text messages, recordings, photographs, and other materials within their possession, custody, or control relating to the alleged rental agreement, the premises at 5 Bartlett Road, and the claims and counterclaims asserted in this action.

69. Defendants demand that Plaintiff do the same. Concurrently with the filing and service of this Notice of Removal, Defendants are serving upon Plaintiff a written demand for the preservation of evidence, a copy of which is annexed as Exhibit H. Defendants respectfully request that the Court take note of the date of that demand.

70. Defendants' pending motion in the State Action to dismiss the Complaint for spoliation of evidence, for a protective order, and for sanctions (Ex. F) is unaffected by this removal. Defendants will re-notice or re-brief that application in this Court in accordance with the individual practices of the assigned district judge, without prejudice to any party's position on its merits.

## X. RESERVATION OF RIGHTS

71. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, all defenses, objections, and counterclaims. These include, without limitation, their pending motion in the State Action to dismiss the Complaint for spoliation of evidence and for sanctions (Ex. F), their defense of lack of standing, and all defenses available under Rule 12 of the Federal Rules of Civil Procedure.

72. No statement in this Notice is an admission of any allegation of the Complaint or a concession as to the merit of any of Plaintiff's claims. Defendants deny that Plaintiff is entitled to any relief whatsoever.

73. If any question arises concerning the propriety of this removal, Defendants respectfully request the opportunity to be heard, by briefing and argument, before any remand is ordered.

74. This removal is made in good faith and upon an objectively reasonable basis, namely Plaintiff's own sworn allegations, filed in this District, that complete diversity of citizenship exists between these parties and that the amount in controversy over this same controversy exceeds $75,000. It is not made for purposes of delay.

## DEMAND FOR JURY TRIAL

75. Defendants demand a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b), 81(c)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants Jacob Frankel and Sheindl Klein respectfully remove the action entitled *Abraham Kleinman v. Jacob Frankel a/k/a Jacob Frankl, and Sheindl Klein a/k/a Sheindl Frankel a/k/a Sheindl Frankl*, Index No. 030127/2026, from the Supreme Court of the State of New York, County of Rockland, to the United States District Court for the Southern District of New York, and respectfully request that this Court accept jurisdiction of this action and grant such other and further relief as the Court deems just and proper.

Dated: Monsey, New York
July 26, 2026

/s/ Jacob Frankel

**JACOB FRANKEL**
a/k/a Jacob Frankl
Defendant Pro Se
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

/s/ Sheindl Klein

**SHEINDL KLEIN**
a/k/a Sheindl Frankel a/k/a Sheindl Frankl
Defendant Pro Se
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

## INDEX OF EXHIBITS

| Exhibit | Document |
|---|---|
| **A** | Summons and Verified Complaint, filed January 7, 2026 (NYSCEF Doc. No. 1) |
| **B** | Verified Answer with Affirmative Defenses, filed February 3, 2026 (NYSCEF Doc. No. 3) |
| **C** | Amended Verified Answer with Affirmative Defenses and Counterclaims, filed March 31, 2026 (NYSCEF Doc. No. 31) |
| **D** | Letter of Peter A. Hurwitz, Esq. to Hon. Djinsad Desir, J.S.C., filed April 5, 2026 (NYSCEF Doc. No. 34) |
| **E** | Recorded Deed, CIG Bartlett LLC to Bartlett Tower LLC, dated May 7, 2025, Rockland County Clerk Instrument No. 2025-00022148 (NYSCEF Doc. No. 35) |
| **F** | Order to Show Cause, signed May 28, 2026 (Hon. Djinsad Desir, A.J.S.C.) (NYSCEF Doc. No. 120) |
| **G** | Verified Complaint and Summons, Kleinman v. Frankel, et al., No. 1:26-cv-04899 (S.D.N.Y., filed June 8, 2026), sworn by Plaintiff at Miami Beach, Florida |
| **H** | Demand for Preservation of Evidence, served upon Plaintiff July 26, 2026 |
| **I** | Commercial listing for 400 Rella Boulevard, Montebello, New York (LoopNet Listing ID 4429499), printed July 26, 2026 |

## CERTIFICATE OF SERVICE

SHEA LIEFER declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 26, 2026, I served a true and correct copy of the foregoing Notice of Removal, together with Exhibits A through I annexed thereto, the Civil Cover Sheet, the Related Case Statement, and the disclosure statement required by Fed. R. Civ. P. 7.1(a)(2), upon Plaintiff pro se Abraham Kleinman, by depositing the same, enclosed in a sealed envelope with first-class postage prepaid, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to:

Abraham Kleinman
3901 Indian Creek
Miami Beach, Florida 33140

3. That address is the residence address sworn to by Plaintiff, and designated by Plaintiff for service upon him, in *Kleinman v. Frankel, et al.*, No. 1:26-cv-04899 (S.D.N.Y.).

4. Service was made by United States Postal Service first-class mail only. No service was made by electronic mail, facsimile, hand delivery, overnight courier, or any other means.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2026.

/s/ Shea Liefer

**SHEA LIEFER**

# EXHIBIT A

Summons and Verified Complaint
(NYSCEF Doc. No. 1, filed January 7, 2026)

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ROCKLAND

ABRAHAM KLEINMAN,

Index No.: ___________

Plaintiff,

**SUMMONS**

- against –

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

TO: JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

4 Horizon Ct Apt 304
Monsey NY 10952

You are hereby summoned and required to serve upon plaintiff an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is CPLR § 503, on the ground that Defendants reside in County of Rockland. Plaintiff designates Rockland County as the place of trial

Dated: New York,
January 13, 2026

By: ______________________
Abraham Kleinman

Abraham Kleinman
400 Rella Blvd
Montebello NY 10901
(845) 494-9922

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ROCKLAND

ABRAHAM KLEINMAN,

Plaintiff,

- against –

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

**INDEX NO. ___________**

**VERIFIED COMPLAINT**

Plaintiff Abraham Kleinman, for his complaint against defendant Jacob Frankel A/K/A Jacob Frankl, hereinafter referred to as Jacob Frankel and Sheindl Klein A/K/A Sheindl Frankel Sheindl Frankl hereinafter referred to Sheindl Frankel, allege as follows:

## INTRODUCTION

1. This is an action for breach of an oral rental agreement and recovery for unpaid rent, interest, and costs arising from Defendants' occupancy of residential premises located at 5 Bartlett Road, Monsey, New York 10952. Defendants agreed to rent the premises for the months of July and August 2025 for a total sum of $18,000.00. Defendants took possession and occupied the premises for the entirety of the two months, but failed to pay the agreed rent, remitting only a partial payment of $6,500.00, which was materially delayed after the check was dishonored multiple times.

Despite repeated demands and Defendants' acknowledgments of the obligation and promises to pay, Defendants failed and refused to satisfy the outstanding balance. Plaintiff therefore commences this action to recover the unpaid rent, together with statutory interest, costs, and such other relief as this Court deems just and proper..

**PARTIES**

1. Abraham Kleinman is an adult individual over the age of eighteen and is an owner and/or person lawfully in possession and control of the premises located at 5 Bartlett Road, Monsey, New York 10952.

2. Jacob Frankel is an adult individual who, upon information and belief resides at 4 Horizon Court, Apartment 304, Monsey, New York 10952, and at all relevant times occupied the subject premises.

3. Sheindl Frankel is an adult individual, believed to be the wife of Defendant Jacob Frankel, who, upon information and belief, resides at 4 Horizon Court, Apartment 304, Monsey, New York 10952, and who resided at and occupied the subject premises during the relevant period.

4. At all relevant times, Defendants Jacob Frankel and Sheindl Frankel acted jointly and in concert with respect to the rental, occupancy, and nonpayment of rent for the subject premises.

5. Upon information and belief, defendant Jacob Frankel and Sheindl Frankel are both residents of Monsey, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter, and over defendants pursuant to CPLR § 301 because both defendants reside in Monsey New York.

7. Venue is appropriate in this court pursuant to CPLR § 503 because both defendants reside in Monsey, New York.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 7 as if fully set forth herein.

9. On or about June 2025, Plaintiff and Defendants entered into an oral rental agreement whereby Defendants agreed to rent the basement located at 5 Bartlett Road, Monsey, New York 10952. the basement square footage is approximately 6000, Sqf.

10. The agreement provided that Defendants would rent the premises for the months of July and August 2025 for a total rent of Eighteen Thousand Dollars ($18,000.00).

11. Defendants took possession of the premises,occupied the premises during the agreed upon rental period, and received the full benefit of the occupancy

12. Defendants paid only a partial amount of Six Thousand Five Hundred Dollars ($6,500.00) by check. (See Exhibit A.)

13. The check tendered by Defendants was dishonored on multiple occasions before ultimately clearing, resulting in bank fees and financial hardship to Plaintiff

14. Despite repeated demands for payment by telephone and text message, Defendants failed and refused to pay the remaining balance of Eleven Thousand Five Hundred Dollars ($11,500.00), which remains due and owing.

15. Defendant Jacob Frankel confirmed the existence of the rental agreement and acknowledgd the outstanding debt. on Video communications to the Plaintiff

16. On or about November 17th 2025, Plaintiff Abraham Kleinman encountered Defendant Jacob Frankel at a synagogue located on 2 Caville Dr, Monsey, NY 10952, during which encounter Defendant admitted that payment of $11,500.00 is owed to Plaintiff and promised to pay, but failed to do so.

17. Defendants' failure to pay the agreed rent constitutes a material breach of the agreement and has caused Plaintiff to suffer monetary damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Abraham Kleinman respectfully demands judgment against Defendants Jacob Frankel and Sheindl Frankel as follows: a) For a money judgment against Defendants in an amount in excess of Eleven Thousand Five Hundred Dollars ($11,500.00) representing unpaid rent due and owing; (b) For pre-judgment and post-judgment interest as permitted by law; (c) For costs and disbursements of this action, including court fees, to the fullest extent allowed by law; and (d) For such other and further relief as this Court deems just and proper.

Dated: New York,
January 13, 2026

By: ______________________
Abraham Kleinman

Abraham Kleinman
400 Rella Blvd
Montebello NY 10901
(845) 494-9922

# Exhibit A

NORTHEAST COMMUNITY BANK

| | |
|---|---|
| Current Date: | September 19, 2025 |
| Account Number: | 250403805 |
| Capture Date: | July 29, 2025 |
| Item Number: | 87020000575603 |
| Posted Date: | July 29, 2025 |
| Amount: | 6,500.00 |
| Record Type: | Debit |

CONGREGATION OSEH CHOYIL INC
9 MAPLE LEAF ROAD UNIT 201
MONSEY NY 10952

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING IN THE BORDER

Congregation Oseh Choyil
10 Suzanne Drive #111
Monsey, NY 10952
(845) 379-4000

עושה חיל

NorthEast Community Bank

No. 1008

67-76590

Date July 1, 2025

Pay To The Order Of Mace Capital management LLC $6,500 00/100

Six Thousand Five Hundred 00/100 Dollars

Memo: Bartlett

SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑈000001008⑈ ⑆226072561⑆ 0250403805⑈

ENDORSE CHECK HERE

X Mace Capital Management

0250418654

☐ CHECK HERE AFTER MOBILE OR REMOTE DEPOSIT

DATE

DO NOT WRITE / SIGN / STAMP BELOW THIS LINE
DEPOSITORY BANK ENDORSEMENT

Listed below are the security features provided on this document which meet and/or exceed industry guidelines.

| Security Features: | Results of check alteration: |
|---|---|
| Micro-Printing | Small type in border of check and endorsement area appears blurred if copied or scanned. |
| Watermark | Artificial watermark on back. Hold at an angle to view. |
| Colored Background | Void copy protection. |

# EXHIBIT B

Verified Answer with Affirmative Defenses
(NYSCEF Doc. No. 3, filed February 3, 2026)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x

ABRAHAM KLEINMAN

Plaintiff,

-against-

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

-------------------------------------------------------------------x

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

Index No.: **030127/2026**

The Defendants, JACOB FRANKEL A/K/A JACOB FRANKL and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL (hereinafter "Defendants"), by and through their attorney, PETER A HURWITZ, ESQ., of the LAW OFFICE OF PETER A. HURWITZ, PLLC, and as and for their Answer with Affirmative Defenses, allege as follows:

1. DEFENDANTS DENY the allegations contained in paragraph "1" of the Introduction to the Complaint.

2. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF the allegations contained in paragraph "1" of the Complaint.

3. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF the allegations contained in paragraphs "2" of the Complaint.

4. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs "3" of the Complaint.

5. DEFENDANTS DENY to the allegations contained in paragraphs "4" of the Complaint.

6. DEFENDANTS ADMIT to the allegations contained in paragraphs "5" of the Complaint.

7. DEFENDANTS NEITHER ADMIT NOR DENY the allegations in paragraph "6", and respectfully refer the Court whether there is jurisdiction over the DEFENDANTS.

8. DEFENDANTS NEITHER ADMIT NOR DENY the allegations in paragraph "7", and respectfully refers to the Court any question regarding venue.

9. Defendants repeat, reiterate and reallege each and every allegation or denial marked and enumerated paragraphs "1" through "8" hereof, as if more fully set forth at length herein.

10. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraph "9" of the Complaint

11. DEFENDANTS DENY the allegations contained in paragraphs "10" of the Complaint.

12. DEFENDANTS DENY the allegations contained in paragraphs "11" of the Complaint.

13. DEFENDANTS DENY the allegations contained in paragraphs "12" of the Complaint.

14. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs "13" of the Complaint.

15. DEFENDANTS DENY the allegations contained in paragraphs "14" of the Complaint.

16. DEFENDANTS DENY the allegations contained in paragraphs "15" of the Complaint.

17. DEFENDANTS DENY the allegations contained in paragraphs "16" of the Complaint.

18. DEFENDANTS DENY the allegations contained in paragraphs "17" of the Complaint.

**AFFIRMATIVE DEFENSES**

19. Plaintiff's Complaint is barred as plaintiffs lack personal and subject matter jurisdiction over the Defendants.

20. The Complaint fails, in whole or in part, to state a cause of action.

21. Plaintiff's Complaint is barred in whole or in part because the defendants have not breached any legal duty owing to plaintiffs.

22. Plaintiff's Complaint is barred in whole or in part by the express terms of the parties' agreement.

23. Plaintiff's Complaint is barred in whole or in part because the doctrines of waiver and/or estoppel.

24. Plaintiff's Complaint is barred in whole or in part by the Statute of Frauds.

25. Plaintiff's Complaint is barred in whole or in part by the failure to join a necessary party.

WHEREFORE, the Defendants demand judgment against the Plaintiff for the following relief dismissing Plaintiff's Complaint, together with such other and further relief as this Court may deem equitable and just.

Dated: February 2, 2026

Yours, etc.

[signature]

PETER A. HURWITZ, ESQ.
Attorney for Defendants
LAW OFFICE OF PETER A. HURWITZ, PLLC
120 N. Main Street, Suite 203
New City, NY 10956
Tel: (845) 634-4966

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------x

ABRAHAM KLEINMAN,

Plaintiff,

-against-

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

-----------------------------------------------------------------x

VERIFICATION

Index No.: **030127/2026**

State of New York )
) s.s
County of Rockland )

JACOB FRANKEL, being duly sworn deposes and says that the deponent is one of the Defendants in this action and has read the foregoing answer and knows the contents to be true, except to those matters stated on information belief and to those matter deponent believes them to be true.

JACOB FRANKEL

Sworn to and subscribed before me this
2nd day of February, 2026

Notary Public

BERTA G GARCIA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GA0038316
Qualified in Rockland County
My Commission Expires 06-11-2029

# EXHIBIT C

Amended Verified Answer with Affirmative Defenses
and Counterclaims
(NYSCEF Doc. No. 31, filed March 31, 2026)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---x

ABRAHAM KLEINMAN

Plaintiff,

-against-

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

---x

AMENDED VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Index No.: **030127/2026**

The Defendants, JACOB FRANKEL A/K/A JACOB FRANKL and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL (hereinafter "Defendants"), by and through their attorney, PETER A HURWITZ, ESQ., of the LAW OFFICE OF PETER A. HURWITZ, PLLC, and as and for their Answer with Affirmative Defenses, allege as follows:

1. DEFENDANTS DENY the allegations contained in paragraph "1" of the Introduction to the Complaint.

2. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF the allegations contained in paragraph "1" of the Complaint.

3. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF the allegations contained in paragraphs "2" of the Complaint.

4. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs "3" of the Complaint.

5. DEFENDANTS DENY to the allegations contained in paragraphs "4" of the Complaint.

6. DEFENDANTS ADMIT to the allegations contained in paragraphs "5" of the Complaint.

7. DEFENDANTS NEITHER ADMIT NOR DENY the allegations in paragraph "6", and respectfully refer the Court whether there is jurisdiction over the DEFENDANTS.

8. DEFENDANTS NEITHER ADMIT NOR DENY the allegations in paragraph "7", and respectfully refers to the Court any question regarding venue.

9. Defendants repeat, reiterate and reallege each and every allegation or denial marked and enumerated paragraphs "1" through "8" hereof, as if more fully set forth at length herein.

10. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraph "9" of the Complaint

11. DEFENDANTS DENY the allegations contained in paragraphs "10" of the Complaint.

12. DEFENDANTS DENY the allegations contained in paragraphs "11" of the Complaint.

13. DEFENDANTS DENY the allegations contained in paragraphs "12" of the Complaint.

14. DEFENDANTS DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs "13" of the Complaint.

15. DEFENDANTS DENY the allegations contained in paragraphs "14" of the Complaint.

16. DEFENDANTS DENY the allegations contained in paragraphs "15" of the Complaint.

17. DEFENDANTS DENY the allegations contained in paragraphs "16" of the Complaint.

18. DEFENDANTS DENY the allegations contained in paragraphs "17" of the Complaint.

## AFFIRMATIVE DEFENSES

19. Plaintiff's Complaint is barred as plaintiffs lack personal and subject matter jurisdiction over the Defendants.

20. The Complaint fails, in whole or in part, to state a cause of action.

21. Plaintiff's Complaint is barred in whole or in part because the defendants have not breached any legal duty owing to plaintiffs.

22. Plaintiff's Complaint is barred in whole or in part by the express terms of the parties' agreement.

23. Plaintiff's Complaint is barred in whole or in part because the doctrines of waiver and/or estoppel.

24. Plaintiff's Complaint is barred in whole or in part by the Statute of Frauds.

25. Plaintiff's Complaint is barred in whole or in part by the failure to join a necessary party.

## AS AND FOR A FIRST COUNTERCLAIM

26. Plaintiff caused the Defendants to make payments of $6,500.00 at the

beginning of the period Defendants were entitled to use the premises when Plaintiff knew that the premises was zoned as a one-family residence, which did not permit the use Defendants required.

27. Plaintiff never awarded Defendants a credit as against their payments to use the premises despite the fact that Defendants were not permitted to use and premises for the purposes they paid for.

28. That the Plaintiff has been unjustly enriched by retaining monies paid by Defendants during the term the intended use was not permitted.

29. That the Defendants demand judgment as to the amounts retained that were paid, but for which the Plaintiff was not permitted by law to collect, in an amount to be determined by this Court but in no way less than $6,500.00.

**AS AND FOR A SECOND COUNTERCLAIM**

30. That the Plaintiff falsely and deceptively concealed the fact that the subject premises was being used for a purpose contrary to law, and as such Defendants are entitled to the return from Plaintiff of the entire amount of payments made from the inception they were allowed to use the premises.

31. That the Defendants demand a judgment against Plaintiff, to be entered in their favor awarding them the return of all monies paid to date from the inception of the agreement to the present in an amount to be determined by the Court, together with statutory interest thereon, and for costs, fees and disbursements to be determined by the Court and for reasonable attorney's fees, and for such other and further relief as to this Court may seem just and proper.

WHEREFORE, the Defendants demand judgment against the Plaintiff for the following relief: dismissal of Plaintiff's Complaint; a monetary judgment on their First Counterclaim in the amount of $6,500.00; and a monetary judgment on their Second Counterclaim in an amount to be determined by the Court; together with such other and further relief as this Court may deem equitable and just.

Dated: March 30, 2026

Yours, etc.

PETER A. HURWITZ, ESQ.
Attorney for Defendants
LAW OFFICE OF PETER A. HURWITZ, PLLC
120 N. Main Street, Suite 203
New City, NY 10956
Tel: (845) 634-4966

To:

ABRAHAM KLEINMAN
*Plaintiff pro se*
400 Rella Blvd
Montebello NY 10901
(845) 494-9922

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------x

ABRAHAM KLEINMAN,

Plaintiff,

-against-

JACOB FRANKEL A/K/A JACOB FRANKL, and SHEINDL KLEIN A/K/A SHEINDL FRANKEL A/K/A SHEINDL FRANKL,

Defendants.

-----------------------------------------------------------------x

VERIFICATION

Index No.: **030127/2026**

State of New York )
) s.s
County of Rockland )

JACOB FRANKEL, being duly sworn deposes and says that the deponent is one of the Defendants in this action and has read the foregoing Amended Answer with Counterclaims, and knows the contents to be true, except to those matters stated on information belief and to those matter deponent believes them to be true.

JACOB FRANKEL

Sworn to and subscribed before me this
31 day of March, 2026

Notary Public

R. ELIZABETH LEON
Notary Public - State of New York
No. 01LE0038868
Qualified in Rockland County
My Commission Expires 06/27/2029

# EXHIBIT D

Letter of Peter A. Hurwitz, Esq. to Hon. Djinsad Desir, J.S.C.
(NYSCEF Doc. No. 34, filed April 5, 2026)

# LAW OFFICE OF PETER A. HURWITZ, PLLC

**Peter A. Hurwitz**

**120 N. MAIN STREET, SUITE 203**
**NEW CITY, NEW YORK 10956**
**TELEPHONE (845) 634-4966**
**FAX (845) 634-0872 (Not For Service)**
**E-MAIL HurwitzLawFirm@gmail.com**

April 5, 2026

**VIA ECF FILING ONLY**
HON. DJINSAD DESIR, JSC
Supreme Court of the State of New York
Rockland County Courthouse
1 S. Main Street, Courtroom 1
New City, New York 10956

RE: Kleinman v. Frankel et al.
Index No.: 030127/2026
My File No.: 9176

Hon. Justice Desir:

I write this letter in response to Plaintiff's disingenuous letter filed on NYSCEF (Document # 28), and pursuant to the direction of the Court in the Notice dated April 3, 2026 (NYSCEF document # 33). I take umbrage at any of Plaintiff's allegations that my office refuses to comply with any Court Order. The issue is that the pro se Plaintiff is attempting to prejudice the Defendant by scheduling their depositions before paper discovery is complete, and Plaintiff's deposition is held. Moreover, Plaintiff erroneously argues that refusing to schedule Defendants depositions prior to completing paper discovery somehow violates the Court Order to complete Defendants depositions before June 5, 2026.

Moreover, there are no deficiencies in Defendants' responses to Plaintiff's Notice to Admit. The issue that Plaintiff is attempting to hide from the Court, which the undersigned has discovered in searches done to comply with Plaintiff's demands, is that this case should have been dismissed prior to discovery, because Plaintiff does not have standing to bring this lawsuit, in addition to many other defenses, such as Plaintiff illegally renting out a single family property on an hourly basis in violation of municipal laws. These issues are the subject matter of the counterclaims contained in Defendants' Amended Answer with counterclaims (NYSCEF document # 31). Annexed hereto as Exhibit A is the deed dated May 7, 2025, filed in the Rockland County Clerk's office as Instrument # **2025-00022148**, indicating the owner of the premises during the time period Defendants used the premises was **BARTLETT TOWER LLC**, and not the Plaintiff. In addition, there is no indication on the deed that Plaintiff has any affiliation with **BARTLETT TOWER LLC**. Therefore, Plaintiff is not the proper party to bring this lawsuit.

Given the foregoing, I respectfully request that the Court grant leave to file a Motion for Summary Judgment at this time, and reschedule the compliance conference to either Monday April 13, Tuesday April 14, or Friday April 17, 2026, to discuss this matter further. Thank you for your consideration.

Respectfully submitted,

Peter A. Hurwitz

PAH/hs:encl.

cc: Abraham Kleinman, plaintiff pro se – ECF finling

# EXHIBIT E

Recorded Deed, CIG Bartlett LLC to Bartlett Tower LLC
Instrument No. 2025-00022148
(NYSCEF Doc. No. 35, filed April 5, 2026)

Donna G. Silberman, County Clerk
1 South Main St., Ste. 100
New City, NY 10956
(845) 638-5070

# Rockland County Clerk Recording Cover Sheet

**Received From :**
TS AGENCY LLC
21 ROBERT PITT DRIVE
SUITE 206
MONSEY, NY 10952

**Return To :**
TS AGENCY LLC
21 ROBERT PITT DRIVE
SUITE 206
MONSEY, NY 10952

**Method Returned :** ERECORDING

**First GRANTOR**
CIG BARTLETT LLC

**First GRANTEE**
BARTLETT TOWER LLC

**Index Type :** Land Records
**Instr Number :** 2025-00022148
**Book :** **Page :**

**Type of Instrument :** Deed
**Type of Transaction :** Deed
**Recording Fee:** $201.00
**Recording Pages :** 5

The Property affected by this instrument is situated in Ramapo, in the County of Rockland, New York

**Real Estate Transfer Tax**

| | |
|---|---|
| **RETT # :** | 6908 |
| **Deed Amount :** | $0.00 |
| **RETT Amount :** | $0.00 |
| **Total Fees :** | $201.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 07/22/2025

At (Recorded Time) : 3:42:36 PM

Donna G. Silberman
County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: NYROCKLANDUSER18 Printed On : 07/22/2025 At : 3:42:38PM

SCHEDULE A

# BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS INDIVIDUAL OR CORPORATION

**FORM 8007 (long version)**

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

***THIS INDENTURE,*** made the 7th day of May 2025

**Between**
**CIG BARTLETT LLC,** having an address of **6 Victory Rd, Suffern, NY 10901** party of the first part, and

**BARTLETT TOWER LLC,** having an address of **6 Victory Rd, Suffern, NY 10901**
party of the second part,

***WITNESSETH,*** that the party of the first part, in consideration of TEN dollars ($10.00), lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

***ALL*** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the **SEE SCHEDULE "A" ANNEXED HERETO**

Said premises known as **5 Bartlett Road, Monsey, NY 10952**
**Section 49.11 Block 1 Lot 38**

***BEING AND INTENDING TO BE*** the same premises acquired by grantor by Deed dated 12/14/23 and recorded on 12/28/23 in the Rockland County Clerk's Office in Inst No. 2023-38541.

***TOGETHER*** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above-described premises to the center lines thereof,

***TOGETHER*** with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

***TO HAVE AND TO HOLD*** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

***AND*** the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**This** deed is made in the ordinary course of company business and unanimous member consent.

***AND*** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

**The** word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

***IN WITNESS WHEREOF,*** the party of the first part has duly executed this deed the day and year first above written.

**CIG BARTLETT LLC**
BY: Yonatan Yosef – Sole Member

STATE OF NEW YORK )
) ss.:
COUNTY OF ORANGE )

On the 7th day of May in the year 2025, before me, the undersigned, personally appeared Yonatan Yosef personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

(signature and office of individual taking acknowledgment)

CHANAN MARKOWITZ
Notary public, State of New York
Registration No. 01MA0022952
Qualified in Orange County
Commission Expires March 28 2028

***Deed***

**Title No.**

**LLC**

**To**

**LLC**

**Section 49.11**
**Block 1**
**Lot 38**
**County or Town: Rockland County**
**Street Address: 5 Bartlett Rd**

**Return By Mail To:**

Yonatan Yosef
**6 Victory Rd, Suffern, NY 10901**

**Reserve This Space For Use Of Recording Office**

**Section 49.11 Block 1 Lot 38**

***First American Title Insurance Company***

Title Number: **TSL-17553-RK**
Page **1**

**SCHEDULE A DESCRIPTION**

ALL that certain plot piece or parcel of land, situate, lying and being in the Town of Ramapo, County of Rockland and State of New York, shown and designated as Lots 1 and 2 in Block F on a certain map entitled, "Carlton Estates South", filed in the Rockland County Clerk's Office on June 18, 1971 in Map Book 82 at Page 14 as Map Number 4153, being more particularly bounded and described as follows:

BEGINNING at a point in the westerly side of Bartlett Road where the same is intersected by the division line between Lots 3 and 2 as shown on the aforementioned map;

RUNNING THENCE south 74 degrees 54 minutes 37 seconds west, 173.72 feet;

THENCE north 60 degrees 33 minutes 05 seconds west, 183.49 feet;

THENCE north 23 degrees 15 minutes 23 seconds east, 231.94 feet to the southeasterly side of Sickle Lane;

THENCE along the southeasterly side of Sickle Lane as it curves to the left having a radius of 255 feet, a distance of 74.79 feet;

THENCE continuing along the southeasterly side of Sickle Lane, south 83 degrees 32 minutes 55 seconds east, 120.10 feet to the most westerly end of an arc connecting the southeasterly side of Sickle Lane with the westerly side of Bartlett Road;

THENCE along the arc of a curve to the right connecting the southeasterly side of Sickle Lane with the westerly side of Bartlett Road having a radius of 25 feet, a distance of 37.46 feet to the most southerly end of an arc connecting the southeasterly side of Sickle Lane with the westerly side of Bartlett Road;

THENCE southerly along the westerly side of Bartlett Road as it curves to the left having a radius of 664.64 feet, a distance of 201.66 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY:

Said premises is known as **5 Bartlett Road, Monsey, NY 10952. Section 49.11 Block 1 Lot 38, Rockland** County

INSTRUCTIONS(RP-5217-PDF-INS): www.orps.state.ny.us

FOR COUNTY USE ONLY

C1. SWIS Code 392689

C2. Date Deed Recorded 7/22/2025 (Month / Day / Year)

C3. Book 2025 C4. Page 22148

New York State Department of **Taxation and Finance**

Office of Real Property Tax Services

**RP- 5217-PDF**

Real Property Transfer Report (8/10)

**PROPERTY INFORMATION**

1. Property Location: 5 (* STREET NUMBER) Bartlett Road, (* STREET NAME)
Ramapo (* CITY OR TOWN) (VILLAGE) 10952 (* ZIP CODE)

2. Buyer Name: Bartlett Tower LLC (* LAST NAME/COMPANY) (FIRST NAME)
(LAST NAME/COMPANY) (FIRST NAME)

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address(at bottom of form) (LAST NAME/COMPANY) (FIRST NAME)
(STREET NUMBER AND NAME) (CITY OR TOWN) (STATE) (ZIP CODE)

4. Indicate the number of Assessment Roll parcels transferred on the deed: 1 # of Parcels OR ☐ Part of a Parcel

(Only if Part of a Parcel) Check as they apply:
4A. Planning Board with Subdivision Authority Exists ☐
4B. Subdivision Approval was Required for Transfer ☐
4C. Parcel Approved for Subdivision with Map Provided ☐

5. Deed Property Size: (* FRONT FEET) X (* DEPTH) OR 1.57 (*ACRES)

6. Seller Name: CIG Bartlett LLC (* LAST NAME/COMPANY) (FIRST NAME)
(LAST NAME/COMPANY) (FIRST NAME)

*7. Select the description which most accurately describes the use of the property at the time of sale:
A. One Family Residential

Check the boxes below as they apply:
8. Ownership Type is Condominium ☐
9. New Construction on a Vacant Land ☐
10A. Property Located within an Agricultural District ☐
10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District ☐

**SALE INFORMATION**

11. Sale Contract Date: N/A

* 12. Date of Sale/Transfer: 05/07/2025

*13. Full Sale Price: 0 .00

(Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

14. Indicate the value of personal property included in the sale: .00

15. Check one or more of these conditions as applicable to transfer:
☐ A. Sale Between Relatives or Former Relatives
☐ B. Sale between Related Companies or Partners in Business.
☐ C. One of the Buyers is also a Seller
☐ D. Buyer or Seller is Government Agency or Lending Institution
☐ E. Deed Type not Warranty or Bargain and Sale (Specify Below)
☐ F. Sale of Fractional or Less than Fee Interest (Specify Below)
☐ G. Significant Change in Property Between Taxable Status and Sale Dates
☐ H. Sale of Business is Included in Sale Price
☐ I. Other Unusual Factors Affecting Sale Price (Specify Below)
☑ J. None

*Comment(s) on Condition: Zero Consideration

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

16. Year of Assessment Roll from which information taken(YY): 25

*17. Total Assessed Value: 290,000

*18. Property Class: 210

*19. School District Name: East Ramapo CSD

*20. Tax Map Identifier(s)/Roll Identifier(s) (If more than four, attach sheet with additional identifier(s))
49.11-1-38

**CERTIFICATION**

**I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.**

**SELLER SIGNATURE**

[signature] 5-7-25
SELLER SIGNATURE DATE

**BUYER SIGNATURE**

[signature] 5-7-25
BUYER SIGNATURE DATE

**BUYER CONTACT INFORMATION**

(Enter information for the buyer. Note: If buyer is LLC,society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

Yosef (* LAST NAME) Yonatan (* FIRST NAME)
347 (*AREA CODE) 707-6295 (*TELEPHONE NUMBER (Ex: 9999999))
6 (* STREET NUMBER) Victory Rd (* STREET NAME)
Suffern (*CITY OR TOWN) NY (*STATE) 10901 (*ZIP CODE)

**BUYER'S ATTORNEY**

(LAST NAME) (FIRST NAME)
(AREA CODE) (TELEPHONE NUMBER (Ex: 9999999))

# EXHIBIT F

Order to Show Cause, Hon. Djinsad Desir, A.J.S.C.
(NYSCEF Doc. No. 120, signed May 28, 2026)