# STATEMENT OF RELATEDNESS

(Division of Business Rule 13)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

ABRAHAM KLEINMAN,

Plaintiff,

Civil Action No. ____-cv-________

– against –

JACOB FRANKEL a/k/a JACOB FRANKL, and SHEINDL KLEIN a/k/a SHEINDL FRANKEL a/k/a SHEINDL FRANKL,

Defendants.

---------------------------------------------------------------------X

**STATEMENT OF RELATEDNESS PURSUANT TO DIVISION OF BUSINESS RULE 13**

Pursuant to Rule 13 of the Rules for the Division of Business Among District Judges of the Southern District of New York, Defendants Jacob Frankel a/k/a Jacob Frankl and Sheindl Klein a/k/a Sheindl Frankel a/k/a Sheindl Frankl, each appearing pro se, respectfully state that the above-captioned action, removed this day from the Supreme Court of the State of New York, County of Rockland (Index No. 030127/2026), should be designated as related to *Kleinman v. Frankel, et al.*, No. 1:26-cv-04899 (S.D.N.Y., filed June 8, 2026), now pending in this District.

## GROUNDS FOR RELATEDNESS

1. The two actions involve the same parties: Abraham Kleinman is the plaintiff in both actions, and Jacob Frankel and Sheindl Klein are defendants in both actions.

2. The two actions arise from the same subject matter and the same alleged facts: an alleged oral rental agreement concerning the basement of 5 Bartlett Road, Monsey, New York 10952, for July and August 2025, and an allegedly unpaid balance of $11,500.00. Plaintiff's complaint in No. 1:26-cv-04899 expressly describes and incorporates the state-court action

removed herein, re-pleads the identical $11,500.00 rent claim as a count, and premises its federal claims on events occurring in and around the state-court litigation.

3. A substantial saving of judicial resources would result from assignment of both actions to the same District Judge, and the interests of justice would be served: the actions present overlapping questions of fact, common witnesses, and common documentary evidence, and separate assignment would entail a substantial duplication of effort and risk of inconsistent rulings. Defendants anticipate moving for consolidation of the two actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Dated: Monsey, New York
July 22, 2026

/s/ Jacob Frankel

______________________________

**JACOB FRANKEL**
a/k/a Jacob Frankl
*Defendant Pro Se*
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

/s/ Sheindl Klein

______________________________

**SHEINDL KLEIN**
a/k/a Sheindl Frankel a/k/a Sheindl Frankl
*Defendant Pro Se*
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

# LETTER-MOTION TO CONSOLIDATE

(Fed. R. Civ. P. 42(a))

**JACOB FRANKEL and SHEINDL KLEIN**
*Defendants Pro Se*
4 Horizon Court, Apt. 304, Monsey, New York 10952
Tel.: (347) 452-9236 | Email: Frankelfiling@gmail.com

---

July 22, 2026

**BY U.S. MAIL**
Pro Se Intake Unit
The Honorable ____________________
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *Kleinman v. Frankel,* No. 1:26-cv-04899 (S.D.N.Y.), and the action removed therefrom, *Kleinman v. Frankel,* No. ____-cv-________ (Sup. Ct., Rockland Cnty., Index No. 030127/2026) Defendants' Letter-Motion to Consolidate, Fed. R. Civ. P. 42(a)**

Dear Judge ____________________:

We are the defendants in both of the above-referenced actions and write pro se, respectfully, to request that the Court consolidate the two actions for all purposes under Rule 42(a) of the Federal Rules of Civil Procedure. The two cases are two halves of a single dispute between the same parties, and consolidation will conserve judicial resources, avoid duplicative discovery, and eliminate any risk of inconsistent rulings. Plaintiff is served with this letter-motion at the Florida address he designated for service in No. 1:26-cv-04899.

**1. The two actions arise from a single dispute.** Both cases grow out of the same alleged oral sublease of the basement of 5 Bartlett Road, Monsey, New York, for July and August 2025, and the same allegedly unpaid balance of $11,500.00. In the earlier-filed action, No. 1:26-cv-04899 (filed June 8, 2026), Plaintiff asserts civil RICO and related state-law claims arising from that rental relationship and the litigation surrounding it. In the later action, which Plaintiff commenced in the Supreme Court of the State of New York, County of Rockland (Index No. 030127/2026), and which Defendants removed to this Court on July 22, 2026, Plaintiff sues on the very same sublease for the very same balance. Plaintiff's federal complaint expressly describes and incorporates the state-court action and re-pleads the identical rent claim as its Count III.

**2. The standard for consolidation is readily met.** Rule 42(a) authorizes consolidation whenever actions before the court "involve a common question of law or fact." Fed. R. Civ. P.

42(a). Here the two actions share the same parties, the same alleged agreement, the same premises, the same operative facts, the same witnesses, and the same documentary evidence. The Second Circuit has long recognized that Rule 42(a) "empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay," and that "considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). The common questions here are not merely overlapping; they are identical.

**3. Consolidation serves judicial economy and prejudices no one.** Absent consolidation, two dockets before this Court would address the same $11,500.00 sublease dispute in parallel, requiring duplicative discovery of the same witnesses, duplicative motion practice, and separate management of what is functionally one controversy, with the attendant risk of inconsistent rulings on identical questions. Consolidation avoids that waste. It also prejudices no party: Plaintiff himself chose to place both actions before the courts, and he pleads in No. 1:26-cv-04899 that the two proceedings arise from the same events. The removed action has separately been identified as related to No. 1:26-cv-04899 in the Statement of Relatedness filed with the Notice of Removal, under Rule 13 of the Rules for the Division of Business Among District Judges.

**4. Relief requested.** Defendants respectfully request that the Court enter an order consolidating No. ____-cv-________ with No. 1:26-cv-04899 for all purposes, directing that all future filings be made under the docket number of the earlier-filed action, and granting such other relief as the Court deems just and proper. In making this request, Defendants do not waive, and expressly reserve, all defenses, objections, and counterclaims in both actions, including all defenses under Rule 12 of the Federal Rules of Civil Procedure.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Jacob Frankel

______________________________

**JACOB FRANKEL**
a/k/a Jacob Frankl
*Defendant Pro Se*

/s/ Sheindl Klein

______________________________

**SHEINDL KLEIN**
a/k/a Sheindl Frankel a/k/a Sheindl Frankl
*Defendant Pro Se*

**cc:** Abraham Kleinman, Plaintiff Pro Se (by first-class mail)
3901 Indian Creek, Miami Beach, FL 33140

# NOTICE OF FILING OF NOTICE OF REMOVAL

(to be filed in Supreme Court, Rockland County, Index No. 030127/2026)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ROCKLAND**

---------------------------------------------------------------------X

ABRAHAM KLEINMAN,

Plaintiff,

Index No. 030127/2026

– against –

**NOTICE OF FILING OF NOTICE OF REMOVAL**

JACOB FRANKEL a/k/a JACOB FRANKL, and SHEINDL KLEIN a/k/a SHEINDL FRANKEL a/k/a SHEINDL FRANKL,

(Hon. Djinsad Desir, A.J.S.C.)

Defendants.

---------------------------------------------------------------------X

**TO THE CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ROCKLAND, AND TO PLAINTIFF PRO SE ABRAHAM KLEINMAN:**

**PLEASE TAKE NOTICE** that on July 22, 2026, Defendants JACOB FRANKEL a/k/a JACOB FRANKL and SHEINDL KLEIN a/k/a SHEINDL FRANKEL a/k/a SHEINDL FRANKL, each appearing pro se, filed a Notice of Removal of the above-captioned action in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, on the ground of complete diversity of citizenship between Plaintiff, a sworn citizen and domiciliary of the State of Florida, and Defendants, citizens of the State of New York. A true and correct copy of the Notice of Removal (without exhibits, which were filed therewith in the District Court) is annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), upon the filing of the Notice of Removal with the Clerk of the United States District Court and the filing of this Notice with the Clerk of this Court, this Court "shall proceed no further unless and until the case is remanded," and all further proceedings in this Court are stayed by operation of federal law.

Dated: Monsey, New York

July 22, 2026

/s/ Jacob Frankel

**JACOB FRANKEL**
a/k/a Jacob Frankl
*Defendant Pro Se*
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

/s/ Sheindl Klein

**SHEINDL KLEIN**
a/k/a Sheindl Frankel a/k/a Sheindl Frankl
*Defendant Pro Se*
4 Horizon Court, Apt. 304
Monsey, New York 10952
Tel.: (347) 452-9236
Email: Frankelfiling@gmail.com

To: Abraham Kleinman, Plaintiff Pro Se
3901 Indian Creek, Miami Beach, FL 33140
(Plaintiff's sworn residence address, Kleinman v. Frankel, et al., No. 1:26-cv-04899 (S.D.N.Y.))

# EXHIBIT H

Demand for Preservation of Evidence
served upon Plaintiff July 26, 2026

**JACOB FRANKEL and SHEINDL KLEIN**
4 Horizon Court, Apartment 304, Monsey, New York 10952
Tel.: (347) 452-9236 | Email: Frankelfiling@gmail.com

---

July 26, 2026

**BY FIRST-CLASS MAIL**

Abraham Kleinman
3901 Indian Creek
Miami Beach, Florida 33140

**Re: DEMAND FOR PRESERVATION OF EVIDENCE**
Kleinman v. Frankel, Index No. 030127/2026 (Sup. Ct., Rockland County), removed to the United States District Court for the Southern District of New York
Kleinman v. Frankel, et al., No. 1:26-cv-04899 (S.D.N.Y.)

Dear Mr. Kleinman:

This letter is a formal demand that you preserve evidence. Please read it carefully and keep a copy.

Two actions between us are pending. A motion addressed to the destruction of evidence is already before the court in the Rockland County action. You are therefore on notice, as of the date of this letter, that all material described below is relevant to pending litigation and must be preserved.

The obligation to preserve is not something we are creating by writing to you. It arises by operation of law once litigation is pending or reasonably anticipated, and it applies to you personally, to any entity you control, and to anyone acting at your direction. Failure to take reasonable steps to preserve electronically stored information can result in sanctions, including an instruction to the jury that it may presume the lost information was unfavorable to you, and in the most serious cases dismissal of a claim. See Fed. R. Civ. P. 37(e).

Preserve the following, in their original and native form, without alteration:

1. **Communications with us.** All text messages, SMS, iMessage, WhatsApp, Signal, Telegram, email, voicemail, voice notes, and messages of any kind exchanged with either of us, or with anyone on our behalf, at any time.
2. **Recordings.** All audio or video recordings of any conversation with either of us, or concerning the alleged rental agreement, whether or not we knew we were being recorded.
3. **The premises.** All photographs, video, inspection notes, and repair or condition records concerning 5 Bartlett Road, Monsey, New York, and in particular the basement.
4. **Ownership and control.** All documents concerning ownership, management, or control of 5 Bartlett Road, including any records of Bartlett Tower LLC and CIG Bartlett LLC, operating agreements, membership or ownership records, management agreements, tax filings, and the deed and closing file for the May 7, 2025 conveyance.
5. **Money.** All ledgers, receipts, invoices, rent rolls, bank statements, deposit records, Zelle, Venmo, Cash App, or wire records, and accounting entries reflecting any

payment made by us, including the $6,500.00 payment, and any rent claimed for July and August 2025.

6. **Agreements.** All leases, subleases, occupancy agreements, drafts, and negotiations concerning the premises or the basement, whether written or reflected in writing.

7. **Third-party communications.** All communications with any third party concerning us, the alleged rental agreement, or either action, including communications with any tenant, broker, contractor, lender, neighbor, member of any congregation, or rabbinical body.

8. **Statements about us.** All posts, messages, comments, and communications on any social media, messaging group, or online platform concerning either of us, whether or not still visible to the public.

9. **Devices and accounts.** All phones, tablets, computers, and storage media used to create or receive any of the above, together with all cloud accounts and backups.

Specific instructions.

10. **Turn off automatic deletion.** Disable disappearing or auto-delete messages in WhatsApp, Signal, Telegram, iMessage, and any similar application, and disable any auto-delete setting in your email accounts.

11. **Do not delete or clean up.** Do not delete, archive, edit, unsend, retract, or reorganize any message, thread, photograph, or file. Do not reset, wipe, trade in, sell, or factory reset any device, and do not close any email, cloud, or social media account.

12. **Preserve metadata.** Preserve all material in its native electronic format with metadata intact. Screenshots are not a substitute for the underlying record.

13. **Instruct others.** Give these instructions in writing to any person or entity holding any of this material on your behalf, including any accountant, bookkeeper, property manager, or family member.

We are preserving the same categories of material on our side, and we are giving you this notice reciprocally rather than as a one-sided demand.

Please confirm in writing, by **August 10, 2026**, that you have taken these steps. If any material described above has already been deleted, lost, overwritten, discarded, or otherwise destroyed, identify it now, together with the date and the circumstances. Prompt disclosure is treated very differently by a court than disclosure compelled later.

A copy of this letter is being filed with the court. Nothing in it is an admission of any allegation in either complaint. We deny your claims in full and reserve all rights, defenses, and counterclaims.

Very truly yours,

/s/ Jacob Frankel

**JACOB FRANKEL**
a/k/a Jacob Frankl, Defendant Pro Se

/s/ Sheindl Klein

______________________________

**SHEINDL KLEIN**
a/k/a Sheindl Frankel a/k/a Sheindl Frankl, Defendant Pro Se

LoopNet™ Sign In

# 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901

Coworking Spaces / New York / 400 Rella Blvd, Montebello, NY 10901



Call Message

LoopNet™ Sign In

# 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901




Message

LoopNet™ Sign In

# 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901



Regus

## Highlights

Message

LoopNet™ Sign In

## 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901

Access Regus' network of workspaces and business lounges as often as you need and take advantage of their exclusive benefits.

Collaborate with like-minded professionals and enjoy regular networking and community events with a Regus membership.

Impress clients, hold memorable workshops, and deliver a winning pitch in Regus' meeting spaces, fully equipped for gatherings of any size.

Claim a virtual address in any of the prestigious locations around the world with mail handling services and a virtual assistant to answer calls.

## All Available Space(1)

**1st Floor, Ste 165**

No. of People
**1 - 40**

Size
**100-5,000 SF**

Term
**Negotiable**

Rental Rate
**Upon Request**

Space Use
**Office**

Details

Message

LoopNet™ Sign In

400 Rella Blvd

Coworking Space Available in Montebello, NY 10901

Garden State Parkway and Rt 17, 59, and 287. The building has an

centers, banks, and restaurants.

## Features and Amenities

- Atrium
- Food Service
- Property Manager on Site
- Restaurant

## Attachments

Marketing Brochure/Flyer ↓

Map

Message

LoopNet™ Sign In

# 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901




| | |
|---|---|
| Fairly walkable **40**/100 | Exceptionally drivable **100**/100 |
| Limited public transit **20**/100 | Somewhat bikeable **20**/100 |

Source: Local Logic®

**Listing ID:** 4429499 **Date on Market:** 2/25/2013 **Last Updated:** 6/11/2026

**Address:** 400 Rella Blvd, Montebello, NY 10901

Message

LoopNet™ Sign In

# 400 Rella Blvd

Coworking Space Available in Montebello, NY 10901

Downtown White Plains Coworking Spaces

Downtown Hackensack Coworking Spaces

Hartsdale/Greenburgh Coworking Spaces

Eastside Coworking Spaces

Eastchester/Tuckahoe Coworking Spaces

Rosemawr Coworking Spaces

Riverside Coworking Spaces

Getty Square Coworking Spaces

South Paterson Coworking Spaces

Northwest Yonkers Coworking Spaces

Downtown Yonkers Coworking Spaces

Athenia Coworking Spaces

Downtown Paterson Coworking Spaces

Inwood Coworking Spaces

## NEW NEARBY OFFICE LISTINGS

100 Corporate Dr, Mahwah NJ

71 E Eckerson Rd, Spring Valley NY

70 Hilltop Rd, Ramsey NJ

29 N Airmont Rd, Suffern NY

155 Chestnut Ridge Rd, Montvale NJ

## NEARBY LISTINGS

1000 Lake St, Ramsey NJ

6 Arrow Rd, Ramsey NJ

130 Route 59, Airmont NY

Message