**JACOB FRANKEL and SHEINDL KLEIN**
Defendants Pro Se
4 Horizon Court, Apt. 304, Monsey, New York 10952
Tel.: (347) 452-9236 | Email: Frankelfiling@gmail.com

August 5, 2026

BY PRO SE INTAKE UNIT (with a copy to Plaintiff by first-class mail)

The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

**RE: KLEINMAN V. FRANKEL ET AL., NO. 7:26-CV-06517-KMK**
**(REMOVED FROM SUP. CT., ROCKLAND CNTY., INDEX NO. 030127/2026)**
**REQUEST FOR A PRE-MOTION CONFERENCE ON DEFENDANTS' PROPOSED MOTION FOR SUMMARY JUDGMENT UNDER RULE 56**

Dear Judge Karas:

We are the Defendants in this removed action, appearing pro se. In accordance with Your Honor's Individual Rules of Practice, we respectfully request a pre-motion conference on our proposed motion for summary judgment dismissing the Complaint with prejudice.

The proposed motion rests on four documents. None was created for this motion. Two are pleadings Plaintiff himself verified. One is a deed recorded with the Rockland County Clerk. One is a document Plaintiff himself produced in discovery. We set out below what each says.

**1. The claim.** Plaintiff seeks $11,500.00. He alleges an oral rental of the basement of 5 Bartlett Road, Monsey, New York, for July and August 2025, at a total rent of $18,000.00, of which $6,500.00 was paid. (Compl. ¶¶ 9-14.)

**2. What Plaintiff swore in the state court.** In his Verified Complaint, filed January 7, 2026, Plaintiff alleged that he "is an owner and/or person lawfully in possession and control of the premises." (Compl., Parties ¶ 1.) The pleading identifies no lease, sublease, license, or any other source of an interest of Plaintiff in the premises. It identifies Plaintiff by the address 400 Rella Blvd, Montebello, New York.

**3. What the county land records show.** By deed dated May 7, 2025, recorded as Rockland County Clerk Instrument No. 2025-00022148, title to 5 Bartlett Road passed to Bartlett Tower LLC. Title remained there throughout the rental months at issue. The RP-5217 transfer report recorded with the deed classifies the property as class 210, one family residential. Plaintiff's name appears nowhere on either document.

**4. What Plaintiff swore in this District.** On June 8, 2026, Plaintiff filed a verified complaint in *Kleinman v. Frankel, et al.*, No. 1:26-cv-04899, executed at Miami Beach, Florida, arising from this same rental. There, Plaintiff swears that he "is a citizen of the State of Florida, domiciled in Florida" (¶ 17(a)). He swears that he "is the sublessor under the oral sublease at the center of this dispute" (¶ 22). And he swears that his sole claimed interest in the premises is "a master lease on the Premises with broad subletting authority" (¶ 29).

**5. What the document Plaintiff produced shows.** On April 23, 2026, in response to the state court's discovery directive, Plaintiff produced the master lease. It is a residential lease of the one family dwelling, limited to residential occupancy. It contains no grant of authority to let the approximately 6,000 square foot basement as a separate rental unit. Full record citations will accompany the motion papers.

**6. The question the motion would present.** To recover, Plaintiff must prove a valid, enforceable agreement. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528-29 (2d Cir. 1985). Judicial estoppel forecloses clearly inconsistent positions in successive proceedings. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *In re Adelphia Recovery Trust*, 634 F.3d 678, 695-96 (2d Cir. 2011). And New York courts will not enforce an agreement to let premises for an occupancy the law does not permit. *McConnell v. Commonwealth Pictures Corp.*, 7 N.Y.2d 465, 469 (1960); *Stone v. Freeman*, 298 N.Y. 268, 271 (1948). The motion would ask one narrow question: whether either of Plaintiff's two verified accounts, read against the recorded deed and against the lease he himself produced, establishes an enforceable agreement that Plaintiff had authority to make. We respectfully submit that the documents answer that question.

**7. The motion requires no discovery.** Every document on which the motion rests is a recorded instrument, a pleading verified by Plaintiff, or Plaintiff's own production. Authenticity is not in genuine dispute, and Rule 56(d) presents no obstacle to early resolution. Because Plaintiff proceeds pro se, we will serve the notice required by Local Civil Rule 56.2 with the motion, together with copies of Fed. R. Civ. P. 56 and Local Civil Rule 56.1.

We stand ready to brief the motion on whatever schedule the Court directs, and respectfully request a pre-motion conference at the Court's convenience. We reserve all rights, defenses, and counterclaims. We thank the Court for its consideration.

Respectfully submitted,

Plaintiff is to respond to this letter by 8/13/26. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

8/7/26

/s/ Jacob Frankel
**JACOB FRANKEL**
*Defendant Pro Se*

/s/ Sheindl Klein
**SHEINDL KLEIN**
*Defendant Pro Se*

cc: Abraham Kleinman, Plaintiff Pro Se (by first-class mail)
3901 Indian Creek, Miami Beach, FL 33140
(the address Plaintiff designated for service in No. 1:26-cv-04899)