RECEIVED
SDNY DOCKET UNIT
2026 AUG 17 AM 9: 12

**Abraham Kleinman**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139

---

August 17, 2026

**VIA PRO SE INTAKE UNIT / ECF**
The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street White Plains, New York 10601

Re: *Kleinman v. Frankel, et al.*, No. 7:26-cv-06517 (KMK)(AEK)
(Removed from Sup. Ct., Rockland Cnty., Index No. 030127/2026)
**Response to Defendants' Letter (ECF No. 4) and Request for a Pre-Motion Conference on Plaintiff's Motion to Remand**

Dear Judge Karas:

Plaintiff pro se respectfully submits this letter in response to the Court's Order of August 7, 2026 (ECF No. 5) and to Defendants' letter of August 5, 2026 (ECF No. 4), and requests a pre-motion conference on a motion to remand under 28 U.S.C. § 1447(c).

Timeliness of this response. The Court directed Plaintiff to respond by August 13, 2026 and directed the Clerk to mail the Order to Plaintiff. The docket entry of August 10, 2026 records the mailing of ECF No. 5 to Defendants at 4 Horizon Court, Monsey, New York. No copy was addressed to Plaintiff, and Plaintiff received none. The address Defendants gave this Court for Plaintiff is one Defendants knew to be superseded. On July 24, 2026, Plaintiff filed a Notice of Change of Address in the related action, No. 7:26-cv-04899 (ECF No. 28), changing his address to 407 Lincoln Rd, Suite 6H-1752, Miami Beach, Florida 33139. (Ex. A.) 3901 Indian Creek was no longer a valid address for Plaintiff as of that filing, and Plaintiff no longer receives mail there. Two days after the change of address was docketed, the certificate of service annexed to the Notice of Removal nonetheless declared under 28 U.S.C. § 1746 that 3901 Indian Creek is "the residence address sworn to by Plaintiff, and designated by Plaintiff for service upon him, in Kleinman v. Frankel, et al., No. 1:26-cv-04899." (ECF No. 1, at 18.) That statement was inaccurate when made. On August 4, 2026, Plaintiff served Defendants by overnight mail with a motion in the state action bearing his current address (Ex. B); the United States Postal Service delivered it in Monsey at 11:23 a.m. on August 5, 2026 (Ex. C). Defendants' letter to this Court is dated that same day and repeats the superseded address. Defendants are parties in No. 7:26-cv-04899 and were served with the Notice of Change of Address there; they were served again with papers bearing Plaintiff's current address on the morning of August 5, 2026. Defendants nonetheless gave this Court an address they knew Plaintiff no longer used, and in doing so misled this Court as to where Plaintiff could be reached. Defendants have never corrected the address in this case, despite full knowledge of Plaintiff's correct address, and the docket for this action therefore carries an address at which Plaintiff does not receive mail. The result, and on

this record the intended result, is that notice of this Court's Order did not reach Plaintiff. Plaintiff learned of this action, and of the Order, by chance on August 16, 2026, and responds the next day. Plaintiff respectfully asks that this response be accepted as timely.

This Court lacks subject-matter jurisdiction over the removed action. The state action is a claim for unpaid rent. Its Complaint demands judgment "in an amount in excess of Eleven Thousand Five Hundred Dollars ($11,500.00)," as Defendants themselves recite. (ECF No. 1, Notice of Removal ¶ 41.) Removal rests solely on 28 U.S.C. § 1332(a). The $75,000 threshold is supplied nowhere in the removed case; Defendants instead import the damages demanded in a different lawsuit, Plaintiff's separate RICO action, No. 7:26-cv-04899 (PMH), quoting that complaint's allegations and prayer and asserting that Plaintiff is "judicially estopped" from disavowing them. (Id. ¶¶ 43-45.)

That is not how the amount in controversy is established. Where "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). The burden rests throughout on the removing party and cannot be carried "by mere averment." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *accord Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143 (2d Cir. 2023). Nor can estoppel supply what the statute requires: "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply," and the court will raise the defect on its own motion. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The two actions also seek different things, and the pleading Defendants put before this Court says so itself. The operative First Amended Complaint in No. 7:26-cv-04899 states: "Plaintiff does not seek recovery of the underlying rent due to Plaintiff in this Court; that recovery is sought solely in the separate action pending in the Supreme Court of the State of New York, Rockland County." (First Am. Compl. ¶ 2; Ex. D.) There is no inconsistency to estop.

Three independent defects require remand as well. First, the forum-defendant rule: an action removable solely under § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Both Defendants plead that they are citizens of New York, and the action was brought in New York. Second, timeliness: Defendants Frankel and Klein were personally served on January 15, 2026, and Defendants answered, counterclaimed, and litigated in the state court for six months before removing on July 26, 2026. Third, and apparent on the face of the papers filed in this case, Defendant Klein has signed nothing. On the signature page of the Notice of Removal, Defendant Frankel signed in ink and the line beneath Defendant Klein's typed name is blank. (ECF No. 1, at 16.) The same is true of the Statement of Relatedness, where both signature lines are blank. (ECF No. 1-2, at 3.) A notice of removal must be "signed pursuant to Rule 11," 28 U.S.C. § 1446(a), an unrepresented party must sign personally, Fed. R. Civ. P. 11(a), and each defendant "must independently express their consent to removal," *Pietrangelo v.*

*Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). A co-defendant who is not an attorney cannot supply that signature. 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Separately, there is no valid proof of service of the removal papers. The only certificate of service in the removal package is a declaration of a non-party process server, Shea Liefer, which bears a typed "/s/" above a blank signature line. (ECF No. 1, at 18.) It is neither notarized nor signed. Federal law requires the declarant's own signature: a typed name is not a signature, *Becker v. Montgomery*, 532 U.S. 757, 764 (2001), and the electronic substitute in Fed. R. Civ. P. 5(d)(3)(C) is available only to a registered Filing User signing through that user's own account. This Court's ECF Rules say the same: the log-in and password "serve as the Filing User's signature," ECF Rule 8.1, while "[a] document requiring the signature of a party or witness shall be electronically filed in a scanned format that contains an image of the actual signature," ECF Rule 8.4. Mr. Liefer is not a party and is not a Filing User, so neither route was available to him, and neither a notarized jurat nor an actual signature appears. A declaration that was not personally subscribed has no evidentiary value. *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 510 (6th Cir. 2022). Defendants' letter at ECF No. 4 contains no certificate of service at all. Written notice to the adverse party is a requirement of removal, 28 U.S.C. § 1446(d), and on this record it is unproven.

Plaintiff advises the Court that, upon remand or upon such schedule as the Court may set, Plaintiff intends to seek sanctions and the costs and actual expenses incurred as a result of the removal, as 28 U.S.C. § 1447(c) permits, based on the conduct described above.

Defendants' proposed summary judgment motion. Because the Court's jurisdiction is the threshold question, Plaintiff respectfully submits that the request at ECF No. 4 should await the remand motion. On the merits, the motion rests on a premise the record does not support: Plaintiff's state pleading alleged an interest as "an owner and/or person lawfully in possession and control of the premises," and a tenant under a master lease with subletting authority is a person lawfully in possession. Defendants also acknowledge the master lease was produced. Whether that lease authorized the sublease, and what the parties agreed, are disputed questions unsuited to summary judgment on the papers Defendants describe.

Plaintiff notes one further matter bearing on the papers before the Court. Defendants' letter asks this Court to resolve the $11,500.00 rent claim on summary judgment while a motion to vacate the state court's discontinuance and restore that action, served on Defendants on August 5, 2026, remains pending and unopposed before the Hon. Djinsad Desir (Ex. B). Plaintiff respectfully submits that this Court should know that the state action's status is itself contested, and that Defendants have not appeared in opposition there.

Plaintiff respectfully requests a pre-motion conference on the remand motion and, given the pendency of the jurisdictional question, that any briefing on Defendants' proposed motion be deferred. Plaintiff thanks the Court for its consideration.

Respectfully submitted,

Defense is to respond to this letter by 8/31/26.

So Ordered

8/24/26

Abraham Kleinman Plaintiff