**Abraham Kleinman**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139

September 4, 2026

**VIA ECF**
The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street White Plains, New York 10601

Re: *Kleinman v. Frankel, et al.*, No. 7:26-cv-06517 (KMK)(AEK)
(Removed from Sup. Ct., Rockland Cnty., Index No. 030127/2026)

**Letter-Motion for a Pre-Motion Conference on Plaintiff's Rule 11 Motion and for Costs Under 28 U.S.C. § 1447(c)**

Dear Judge Karas:

Plaintiff seeks two forms of relief collateral to the merits: leave to file a Rule 11 motion already served on Defendants, by the pre-motion conference Rule II.A requires or, if the Court prefers, by permission to file on the papers; and costs and actual expenses under 28 U.S.C. § 1447(c), already pending from Plaintiff's letter of August 17, 2026 (ECF No. 8). Neither request disturbs the remand order of September 4, 2026, which Plaintiff sought and welcomes.

**The Court's Jurisdiction Over These Matters Survives the Remand**

Rule 11 sanctions and a § 1447(c) award are collateral to the merits, and jurisdiction over them survives remand and the closing of the file. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-98 (1990); Willy v. Coastal Corp., 503 U.S. 131, 138-39 (1992); Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1008-10 (4th Cir. 2014) (en banc). The remand order does not address costs; that request remains undecided.

**The Consent Letter Swears to Three Facts the Record Refutes**

Defendants' letter of August 31, 2026, docketed twice as ECF Nos. 10 and 12, closes with a declaration under 28 U.S.C. § 1746, signed in ink by each Defendant, adopting its statements "as

to our own acts and knowledge." Three are contradicted by documents in Plaintiff's possession, and each bears on the reasonableness of the removal, the § 1447(c) question. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

1. The timing. The letter swears that ECF No. 4 "had already gone to the Pro Se Intake Unit by email that morning" before the August 5 postal delivery was opened. The Postal Service delivered those papers, bearing Plaintiff's current address, at 11:23 a.m.; ECF No. 4 was transmitted at approximately 5:07 p.m., five hours and forty-four minutes later, and its electronic record confirms creation that afternoon.

2. The thirty-million-dollar demand. The letter asserts that Plaintiff's complaint in No. 7:26-cv-04899 "demanded approximately thirty million dollars" on the same tenancy, offered as the reasonable basis for removing an $11,500.00 rent case. Plaintiff never demanded that sum for unpaid rent in any pleading: the complaint disclaims recovery of the rent and its prayer states no figure. Defendants' own former counsel affirmed the amount in controversy was under $12,000.00.

3. The newly discovered "draft." The letter swears that "[t]he docketed Notice of Removal was an earlier draft, transmitted to the Pro Se Intake Unit in error," and that an ink-signed notice exists. No paper Defendants filed in any court between July 26 and August 31, 2026 mentions it; the certificate annexed to that Notice swears to service of the paper now disowned; and their August 19 letter in No. 7:26-cv-04899 ratifies four submissions by docket number without a word of it. The account first appeared in the letter seeking denial of costs and sanctions.

**Consent Does Not Excuse the Conduct**

Defendants' consent came after five weeks in which the removal produced a state-court discontinuance entered on a removal that did not yet exist, a motion to vacate it, an appeal, and

proceedings in two federal actions. "[T]he public interest in having rules of procedure obeyed is at least as important as the public interest in encouraging settlement of disputes." Keller v. Mobil Corp., 55 F.3d 94, 98 (2d Cir. 1995); accord Willy, 503 U.S. at 139. Nor is this isolated: Defendants have a documented history in these related matters of papers that consume judicial resources and are then withdrawn, denied, or stricken, which the forthcoming motion will set out in detail.

Plaintiff served the Rule 11 motion on September 3, 2026 without filing it, and by supplemental letter of September 4, 2026 confirmed that it reaches the paper at both ECF Nos. 10 and 12. The twenty-one-day period expires on or about September 27, 2026.

**Relief Requested**

Plaintiff respectfully requests that the Court: (i) schedule a pre-motion conference under Rule II.A, to be held after September 27, 2026, on Plaintiff's served Rule 11 motion, or in the alternative grant leave to file that motion without a conference, in either case with an evidentiary hearing at which Plaintiff will present the documents described above; (ii) award just costs and actual expenses under 28 U.S.C. § 1447(c), or grant leave to submit an itemized statement; (iii) direct the Clerk to conform the docket to Plaintiff's address at ECF No. 8, the superseded address having been supplied by Defendants; and (iv) retain the file for these purposes. Plaintiff thanks the Court for its consideration.

Respectfully submitted,

Defendants are to respond to this letter by 9/11/26.

So Ordered.

9/4/26

/s/ abraham kleinman

Abraham Kleinman,

cc: Jacob Frankel and Sheindl Klein, Defendants Pro Se, 4 Horizon Court, Apt. 304, Monsey, New York 10952 (by first-class mail)

**CERTIFICATE OF SERVICE**

I certify under 28 U.S.C. § 1746 that on September 4, 2026, I served a true and correct copy of this letter-motion upon Defendants Jacob Frankel and Sheindl Klein, pro se, by first-class mail, postage prepaid, in separate envelopes addressed to each of them at 4 Horizon Court, Apt. 304, Monsey, New York 10952, Defendants not being registered users of the Court's electronic filing system. Fed. R. Civ. P. 5(b)(2)(C).